**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ALEK KAVCIC and THE ALEK KAVCIC FOUNDATION,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | **CASE NO. 6:22-CV-00190-ADA-DTG** |
| ***v.*** | § | |
| | § | |
| **INFORMER, SRPSKI TELEGRAF REPUBILKA, BLIC, and NEDELJNIK,** | § | |
| | § | |
| ***Defendants.*** | § | |

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS**

**TO: THE HONORABLE UNITED STATES DISTRICT JUDGE,**

This Report and Recommendation is submitted to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant, Srpski Telegraf Republika's FRCP 12(b)(2) Motion to Dismiss. Dkt. No. 25. The undersigned held an evidentiary hearing on September 28, 2026. After careful consideration of the briefs, arguments, the evidence, and the applicable law, the undersigned **RECOMMENDS** that the motion be **GRANTED**.

## I. BACKGROUND

The plaintiffs brought a defamation action against multiple Serbian publishers. The allegedly defamatory articles concern Alex Kavcic and the Alex Kavcic Foundation, the plaintiffs in this action. Kavcic, a resident of Texas, is a professor who has held teaching positions at Carnegie Mellon University, Harvard University, and the University of Hawaii.

Kavcic is also the named inventor on multiple U.S. patents. The Foundation is a non-profit, organized under Texas law, that provides educational support and materials to school children in Serbia. The defendants are Serbian publishers located in Serbia that allegedly published tabloid articles defaming the plaintiffs. The plaintiffs allege that these tabloid articles were distributed within the United States, including Texas, causing harm to the plaintiffs in Texas. The defendants now move to dismiss for lack of personal jurisdiction.

## II. LEGAL STANDARDS

Under Rule 12(b)(2), a defendant may move to dismiss a suit for lack of personal jurisdiction. Because the undersigned held an evidentiary hearing on personal jurisdiction, the plaintiffs must establish personal jurisdiction by a preponderance of the evidence. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521 529 (5th Cir. 2014).

## III. ANALYSIS

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if two conditions are met. First, the state's long-arm statute must permit an exercise of jurisdiction over that defendant. Second, the exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Because the requirements of the Texas long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether the Court's exercise of personal jurisdiction over the defendant would be consistent with due process. *Id*.

Though personal jurisdiction can be general or specific, the plaintiff does not contend general jurisdiction exists. So, this dispute concerns whether this Court has specific jurisdiction

over the defendant. In evaluating whether due process permits the exercise of specific jurisdiction, courts in the Fifth Circuit consider three factors:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;
>
> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). The plaintiff has the burden of proof on the first two factors to show specific jurisdiction. *Id*. If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Id*. All three factors must be satisfied for a court to assert specific jurisdiction over a nonresident defendant.

For there to be minimum contacts to confer specific jurisdiction, a defendant must have purposefully availed himself of the benefits and protections of the forum state such that he should reasonably anticipate being haled into court there. This requirement ensures that a defendant will not be haled into a jurisdiction solely because of random, fortuitous, or attenuated contacts, or because of the unilateral activity of another party or a third person. *Carmona*, 924 F.3d at 193-94 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)) (internal quotations and footnotes omitted).

The Fifth Circuit provides guidance in cases where the relevant contacts are the alleged defamatory statements from which the plaintiff's cause of action arises. *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010). In such cases, plaintiffs must show that such statements were aimed at or directed to the forum state. *Id*. Where statements in defamation cases do not concern Texas activities, but rather conduct in other states, the minimum contacts requirement is not

satisfied. *Id*. at 379-80 (citing *Calder v. Jones*, 465 U.S. 783 (1984); *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002); and *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005)).

Here, the plaintiffs allege that the defendants availed themselves to the jurisdiction multiple ways. They contend that the defendant published defamatory articles about the plaintiffs' conduct in the United States. Dkt. No. 26 at 6. That the defendant named identified the United States as the location for a source for the defamatory articles—"[a]ccording to information coming from America." *Id*. They contend that the defendant used Imtex Press, Inc. as its distributor in the United States, including Texas. *Id*. at 7. Finally, they contend that the defendant benefitted monetarily from its distributions in the United States, and knew the plaintiff resides in Texas and would suffer harm there. *Id*. at 8.

The defendants dispute the validity and sufficiency of these allegations. As to the first two, the defendants argue that even taken as true, mentioning the United States—not Texas—is insufficient to satisfy minimum contacts with the forum. As to the third and fourth, the defendants deny having any "distributor, agent, partner, or any other contractual relationship" for the sale or distribution of its media in the United States. Dkt. No. 27 at 2. The defendants claim they had no knowledge of Imtex's existence before this lawsuit. They point to "publicly available records [which] show that Imtex is not in good standing with the Illinois Secretary of State, has no online presence, and has only 1 employee." *Id*. at 4 n.1. Finally, as to the fifth, the defendants argue that even assuming it had knowledge of the plaintiffs' location, that is not sufficient to satisfy minimum contacts. *Id*. at 5.

This undersigned is not persuaded that the plaintiffs showed by a preponderance of the evidence that the defamatory statements "were aimed at or directed to Texas." *Clemens*, 615 F.3d at 380. The statements concern plaintiff Kavcic's conduct as a professor at the University of

Hawaii, Harvard University, and Carnegie Mellon University—none of which are in Texas. *See* Dkt. Nos. 1-7, 1-8, 1-9. They also concern a patent infringement lawsuit, in which plaintiff Kavcic was the named inventor, filed in the Western District of Pennsylvania. *Id*. Finally, some of the statements concern the plaintiffs' "textbook project" that consists of buying textbooks from Serbian publishers and donating them to Serbian public schools. *Id*.; *see also* Dkt. No. 1 ¶¶ 9-10. The plaintiffs fail to show by a preponderance that these statements sufficiently targeted Texas. *See Revell*, 317 F.3d at 473 (dismissing for lack of personal jurisdiction when the alleged defamatory statements contained no reference to Texas, no reference to activities of the plaintiffs in Texas, and were not specifically directed at Texas readers).

Aside from the content of the statements, the plaintiffs' other arguments also fail. The articles were not targeted at readers in Texas. These statements were published by Serbian parties in Serbia and written in the Serbian language. *See* Dkt. Nos. 1-7, 1-8, 1-9. Neither at the hearing nor in its briefing did the plaintiff come forth with evidence of a business relationship between the defendants and a domestic distributor targeting Texas. Notably, after the defendants disputed the involvement of Imtex and disavowed any knowledge of it, the plaintiffs did not address or argue that entity's alleged involvement. Additionally, the plaintiff failed to provide evidence that the defendant knew the plaintiff resided in Texas or would suffer harm there. Instead, the evidence provided by the defendant (the testimony of Sanja Stojanovic, the Director of the defendants' parent company) supports that the defendant did not know where the plaintiff lived. Without specific targeting of the forum state, the plaintiff fails to establish the defendant's minimum contacts with Texas. The undersigned finds the present case to be particularly similar to *Revell v. Lidov*, and like that case, finds that the plaintiffs failed to establish specific personal jurisdiction over the defendants. 317 F.3d 467.

## IV. CONCLUSION

Given these facts and the evidence before the Court, the plaintiffs have not met their burden of proof to show that this Court has specific jurisdiction over the defendants. The undersigned is persuaded that the Defendants' Motion to Dismiss (Dkt. No. 25) should be **GRANTED** and this case is **DISMISSED**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 2nd day of October, 2026.



DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE